IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                             FORT WORTH DIVISION

UNITED STATES OF AMERICA        §
                                §       CRIMINAL NO.4:95-CR-172-D
VS.                             §
                                §
TERRY LEE OWENS                 §

            FINDINGS, CONCLUSIONS AND RECOMMENDATION
              OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge, as evidenced by his signature thereto, are as follows:

                        FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

Terry Lee Owens, Federal Register No. 29251-077, filed a motion under Federal Rule of Civil Procedure 60(b)(6) on November 13, 2008.

B. PARTIES

Defendant Terry Lee Owens is currently confined at FCI-Fort Worth, in Fort Worth, Texas. As Owens has filed a motion challenging his conviction in this Court, the United States of America is the proper government party. No order to respond has been issued to the government in this case.

C. PROCEDURAL HISTORY

Terry Lee Owens has filed a motion under Federal Rule of Civil Procedure 60(b)(6) in this criminal case in which the Court imposed a 1997 judgment of conviction for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Owens's conviction was affirmed on direct appeal by the Court of Appeals for the Fifth Circuit. Owens's first motion under 28 U.S.C. § 2255 was denied in an order and judgment entered in November 1999, and although his appeal from the § 2255 denial was initially dismissed, after reinstatement, the court of appeals denied Owens's request for a certificate of appealability. Owens then filed a second motion under 28 U.S.C. § 2255, and this Court dismissed that motion as a successive motion filed without authorization from the court of appeals.[1] The Court recently granted Owens's motion for relief under 18 U.S.C. § 3582(c)(2), and reduced his sentence of imprisonment to 236 months. Although Owens filed a motion for relief from judgment earlier in 2008, he voluntarily dismissed that motion after the filing of a findings, conclusions, and recommendation.

D. LEGAL ANALYSIS

Owens has filed a motion under Federal Rule of Civil Procedure 60(b)(6), in which he claims that his counsel, at the time of sentencing, rendered ineffective assistance of counsel. Although

---

[1] The Court takes judicial notice of the docket sheet and court records in *United States v. Owens,* 4:95-CR-172-D. The initial motion under 28 U.S.C. § 2255 was assigned civil number 4:98-CV-741-D; the successive motion under 28 U.S.C. § 2255 was assigned civil number 4:00-CV-1787-D.

2

Owens argues that the motion is brought as a challenge to the Court's prior disposition of his initial § 2255 motion, which is addressed below, he does not claim or present any argument that he may directly challenge his criminal conviction under Rule 60(b). The Court of Appeals recently upheld a district court's denial of a Rule 60 (b) motion challenging a criminal forfeiture, noting that "Rule 60(b) provides relief from judgment in civil cases, not in criminal cases."[2] As Owens asserts only challenges to his criminal conviction, his motion under Rule 60(b)(6) should be denied.

The Court of Appeals for the Fifth Circuit has held that "motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their conviction on constitutional grounds," should be treated as § 2255 motions.[3] In *Gonzalez v. Crosby,* 545 U.S. 524, 530-32 (2005), the Supreme Court held that a Rule 60(b) motion for relief from judgment in a habeas case brought under 28 U.S.C. § 2254 is properly characterized as a second or successive petition subject to 28 U.S.C. § 2244(b) if, among other things, it "seeks to add a new ground for relief."[4] Although the *Gonzalez* opinion addressed only the extent to which

---

[2] *United States v. Williams,* No.07-30640, 2008 WL 1745192, at *1 (5th Cir. April 15, 2008)(unpublished).

[3] *United States v. Rich,* 141 F.3d 550, 551 (5th Cir. 1998)(noting there is a "trend among circuit courts to look beyond the formal title affixed to a motion if the motion is a functional equivalent of a motion under § 2255"), *cert. den'd,* 526 U.S. 1011 (1999)(numerous citations omitted).

[4] *Gonzalez,* 543 U.S. at 531-32 (noting that "§ 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b)").

3

Rule 60(b) applies to cases under § 2254, its rationale has been extended to the review of a Rule 60(b) motion filed subsequently to the resolution of a motion under § 2255.[5]

Owens argues that his motion does not challenge his criminal conviction and seeks only to "have the Court address the merits of his claim of ineffective assistance of counsel based on an affidavit supplied by Owens's appellate attorney, John Sweeney." (Motion at 2.) Owens fails to acknowledge, however, that reaching the merits of his ineffective-assistance claim asserted throughout the balance of the Rule 60(b)(6) motion, is a direct challenge to the constitutionality of his conviction. Owens does not complain of the Court's substantive disposition of his claims for relief in his initial § 2255 motion, including the Court's rejection of his ineffective-assistance claims. (October 19, 1999, Findings, Conclusions and Recommendation [docket no. 55]; *adopted,* November 23, 2999, Order [docket no. 59].) Rather, Owens seeks to raise anew, a claim that his counsel was ineffective and that he is entitled to a reduced sentence as a result. Thus, alternatively,

---

[5]*See United States v. Berry,* No.06-41696, 2008 WL 205073, at * 1 (5th Cir. Jan. 24, 2008)("Because the substantive issue raised in the Rule 60(b) motion challenge the judgment of conviction and sentence, we regard the motion as a § 2255 motion")(citing *Gonzalez,* 545 U.S. at 530-32 and n.4)); *see also United States v. Scott,* 414 F.3d 815, 816 (7th Cir. 2005)(applying *Gonzalez* in 2255 proceedings).

4

Owens's motion for relief under Rule 60(b)(6) must be construed as a motion under 28 U.S.C. § 2255.[6]

As a result of provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a successive motion filed by a person attacking a conviction or sentence under § 2255 must be certified by a panel of the appropriate court of appeals.[7] These provisions require dismissal of a second or successive habeas motion unless specified conditions are met. The Supreme Court observed that this law "simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by . . . Rule 9(b)."[8]

To the extent the instant motion under Rule 60(b)(6) is construed as a motion under 28 U.S.C. § 2255, this court is without jurisdiction to consider it unless leave to file the same is granted by the Fifth Circuit. Owens has not shown that he has obtained such authorization. As a result, it appears that Terry Lee Owens's November 13, 2008, motion for relief under Rule 60(b)(6), alternatively construed as a motion under 28 U.S.C. §

---

[6] *See Rich,* 141 F.3d at 553; *see also United States v. Levels,* No.3:92-CR-238(5)-G, 2008 WL 245995, at *1 (N.D.Tex. Jan. 30, 2008)(noting court's authority to treat 60 (b) motion as a successive § 2255 and finding that defendant's filing of a motion under 60(b) was an effort to "circumvent the rule against serial filings under § 2255.")

[7] *See* 28 U.S.C.A. § 2255(h)(West Supp. 2008);*see also* 28 U.S.C.A. § 2244(b)(3)(A)(West 2006).

[8] *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

5

2255, should be dismissed without prejudice to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2255 motion pursuant to 28 U.S.C. § 2255 (h) and § 2244(b)(3)(A).

RECOMMENDATION

It is therefore RECOMMENDED that defendant Terry Lee Owens's November 13, 2008, motion for relief under Federal Rule of Civil Procedure 60(b)(6) be DENIED. It is alternatively RECOMMENDED that the motion for relief under Rule 60(b)(6) be construed as a motion for relief under 28 U.S.C. § 2255; and that such motion construed as seeking relief under 28 U.S.C. § 2255, be DISMISSED WITHOUT PREJUDICE to Owens's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2255 motion.

NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until December 31, 2008. The United States District Judge need

only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific written objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc); *Carter v. Collins*, 918 F. 2d 1198, 1203 (5th Cir. 1990).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Petitioner is granted until December 31, 2008 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, returned to the docket of the United States District Judge.

SIGNED December 10, 2008.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE